

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JUN - 9 2017

CLE... COURT
By_____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CID C. MEADOWS, | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 4:17-CV-099-A |
| CITY OF CROWLEY, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the second motion of defendant, City of Crowley, to dismiss. The court, having considered the motion, the response of plaintiff, Cid. C. Meadows, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

Plaintiff's operative pleading is her first amended complaint filed April 19, 2017. Doc.[1] 17. In it, she asserts a number of causes of action arising out of her employment by defendant as a police officer. Plaintiff says she began her employment with defendant in or around August 2010. The events about which she complains began in or around April 2013. Plaintiff says she filed her first EEOC charge on or about February 19, 2015; she tendered her resignation on or about July

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

28, 2015; and, plaintiff filed a second EEOC charge on or about September 22, 2015. She filed her original complaint on January 31, 2017. Doc. 1.

II.

Grounds of the Motion

Defendant maintains that plaintiff has not stated a plausible claim upon which relief can be granted.

III.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are

unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." <u>Anderson v. U.S. Dep't of Housing & Urban Dev.</u>, 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been

violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A. Free Speech

Count One of plaintiff's complaint asserts violations of the United States Constitution, First and Fourteenth Amendments, and of the Texas Constitution, Article I, § 8, and 42 U.S.C. § 1983 for violation of plaintiff's right to free speech when defendant

retaliated against plaintiff for speaking out on matters of public concern regarding unlawful or discriminatory employment practices.

In order to state a claim for free speech retaliation, plaintiff must allege that: (1) she suffered an adverse employment decision; (2) her speech involved a matter of public concern; (3) her interest in communicating the speech outweighed defendant's interest in promoting efficiency; and (4) her speech motivated the defendant's actions. Teague v. City of Flower Mound, 179 F.3d 377, 380 (5th Cir. 1999). A public employee's speech is only constitutionally protected if it addresses a matter of public concern. Petrie v. City of Grapevine, 904 F. Supp. 2d 569, 579 (N.D. Tex. 2012), aff'd, 546 F. App'x 466 (5th Cir. 2013). Matters of public concern are those fairly considered as relating to any matter of political, social, or other concern to the community. Branton v. City of Dallas, 272 F.3d 730, 739 5th Cir. 2001). However, in the employment context, speech is not considered a matter of public concern if the speaker spoke as an employee rather than as a citizen. Petrie, 904 F. Supp. 2d at 579. That is, speech pertaining to internal personnel disputes and working conditions ordinarily will not involve a public concern. Branton, 272 F.3d at 739.

In this case, plaintiff alleges that she was retaliated against following her complaint to the EEOC. Doc. 17 at 24, ¶ 4.5. However, an EEOC charge is not a matter of public concern. <u>Cutrer v. McMillan</u>, 308 F. App'x 819, 821 (5th Cir. 2009); <u>Ayoub v. Texas A & M Univ.</u>, 927 F.2d 834, 837-38 (5th Cir. 1991).[2] Thus, plaintiff has not stated a basis for her free speech retaliation claims.

B.  <u>Equal Protection</u>

In Count Two of her complaint, plaintiff alleges that defendant violated her right to equal protection. At the outset, defendant says that the court should dismiss any claim that arose prior to January 31, 2015, as time-barred. <u>Allison v. City of Fort Worth</u>, 60 F. Supp. 2d 589, 598 (N.D. Tex. 1999). Plaintiff acknowledges the two-year limitation period and generally discusses when limitations commences to run, but she fails to discuss why she would not have known of her claims at each of the times she did not receive a promotion as a result of alleged discrimination. In other words, the event that should have notified her to protect her rights would appear to be the failure to promote in each instance. See <u>Glass v. Petro-Tex Chemical Corp.</u>, 757 F.2d 1554, 1561 (5th Cir. 1985). Thus, to the extent

---

[2] Although the complaint also mentions that plaintiff and others contacted a reporter for the local paper regarding discriminatory actions by defendant, that contact took place after plaintiff had resigned. Doc. 17 at 22, ¶ 3.72.

6

that plaintiff purports to urge any, claims that arose prior to January 31, 2015, are barred by limitations.

Defendant additionally urges that plaintiff has not pleaded any facts capable of supporting an equal protection claim because she has not alleged that a policymaker was aware of any constitutional violations or that a policy or custom led to any constitutional violation. To establish municipal liability requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Zarnow v. City of Wichita Falls, 614 F.3d 161, 166 (5th Cir. 2010); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). Plaintiff recognizes that defendant can only be held liable where execution of its policy or custom inflicts the injury. Doc. 21 at 11-12. In this case, she appears to be alleging that defendant had a custom or policy of ignoring its official policy of non-discrimination. Id. at 13-14. She fails to explain, however, how the facts she has pleaded establish that a policymaker was aware of any constitutional violations. Zarnow, 614 F.3d at 167. Municipal liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation. Id. at 166-67. Although plaintiff has pleaded a lot of facts, she simply has not identified a policymaker, much less any other facts to show

purposeful discrimination on the part of defendant. See Bowden v. Wilemon, No. 4:11-CV-711-A, 2012 WL 426638, at *5 (N.D. Tex. Feb. 9, 2012).

C.  Retaliation

To state a claim for retaliation under Title VII, plaintiff must allege that she participated in an activity protected by Title VII, her employer took an adverse employment action against her, and a causal connection exists between the protected activity and the adverse employment action. McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007). Adverse action is that which produces injury or harm. Lopez v. Kempthorne, 684 F. Supp. 2d 827, 862 (S.D. Tex. 2010). "[P]etty slights, minor annoyances, and simple lack of good manners are not actionable retaliatory conduct." Id. at 863. And, for there to be a causal connection, the employer must know about the employee's protected activity. Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 883 (5th Cir. 2003).

Plaintiff alleges that she was retaliated against for filing her first EEOC charge on or about February 19, 2015. But, she fails to allege any facts to establish that defendant took any adverse employment action in response to the filing. She says that she received a written warning on April 28, 2015, for an alleged incident that occurred on or about March 26, 2015, but

she never explains the incident to which she refers. She alleges no facts to link the incident to the EEOC charge. Doc. 17 at 21-22, ¶ 3.69. A written write-up does not constitute an adverse employment action where it is for insubordination, being argumentative, or otherwise violating a workplace rule. DeHart v. Baker Hughes Oilfield Ops., Inc., 214 F. App'x 437, 442 (5th Cir. 2007); Brooks v. Houston Indep. Sch. Dist., 86 F. Supp. 3d 577, 586 (S.D. Tex. 2015). Plaintiff gives no reason to believe that her written warning was not such a write-up. And, she does not allege any other acts of retaliation within the limitations period.

D. Discrimination

To state a prima facie claim for discrimination under Title VII plaintiff must allege that: (1) she is a member of a protected group; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action by her employer; and (4) she was replaced by someone outside the protected group or was treated less favorably than other similarly situated employees. McCoy, 492 F.3d at 556. An adverse employment action is an ultimate employment decision, such as hiring, firing, granting leave, promoting, and compensating. Pegram v. Honeywell, Inc., 361 F.3d 272, 282 (5th Cir. 2004). To survive a motion to dismiss, plaintiff must have alleged facts sufficient to enable

the court reasonably to infer that defendant discriminated against her in violation of Title VII. <u>Lewis v. LSG Sky Chefs</u>, No. 3:14-CV-3107-M-BN, 2015 WL 935125, at *4 (N.D. Tex. Mar. 4, 2015).

Defendant maintains that plaintiff has not pleaded facts sufficient to show that she was qualified for the positions of sergeant in January 2014 and lieutenant in January of 2015 or treated less favorably than similarly situated persons. Doc. 19 at 16-17. The court agrees. With regard to each instance of alleged failure to promote, plaintiff only says that she was better qualified than the person who was awarded the position.[3] And, with regard to the lieutenant position, plaintiff admits that she did not meet the one-year requirement for the position.

Without so stating, plaintiff appears to contend that she can pursue claims that are barred by limitations since defendant failed to raise limitations in its motion to dismiss specifically with regard to her claims of discrimination. The court is not persuaded, especially since the motion makes clear defendant's contention that the majority of the facts recited by plaintiff occurred more than two years before the filing of her complaint and that she should not be allowed to pursue such claims. In any

---

[3]That she "expressed to Chief Soler that she exceeded each of the minimum requirements" for the sergeant position is not a statement that she was qualified for the position. Doc. 17 at 19, ¶ 3.60.

10

event, plaintiff has not pleaded facts to demonstrate any plausible claim with regard to those earlier events. For example, plaintiff recites facts regarding her removal from the safety team, but there are no allegations of discrimination. With regard to the June 2013 detective position, plaintiff admits that defendant did not believe that she really wanted the position. Doc. 17 at 13, ¶ 3.36.

E.  Constructive Discharge

To state a claim for constructive discharge, plaintiff must plead facts sufficient to show that her working conditions were so intolerable that a reasonable employee would have felt compelled to resign. Faruki v. Parsons S.I.P., Inc., 123 F.3d 315, 319 (5th Cir. 1997). Discrimination alone is not enough; nor is mere failure to promote. Brown v. Kinney Shoe Corp., 237 F.3d 556, 566 (5th Cir. 2001). Constructive discharge requires a greater degree of harassment than required to establish a hostile work environment (as discussed below). Id. Here, plaintiff has simply not alleged the kind of facts necessary to show that her working conditions were so intolerable that a reasonable person in her shoes would have felt compelled to resign. In fact, there is no indication that she ever complained of her treatment before she filed her first EEOC charge.

F.  Hostile Work Environment

To state a claim for hostile work environment, plaintiff must plead facts to show that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment affected a term, condition, or privilege of employment; and, (5) defendant knew or should have known about the harassment and failed to take remedial action. Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002). To be actionable, the harassment must be both objectively and subjectively offensive. Harvill v. Westward Communications, LLC, 433 F.3d 428, 434 (5th Cir. 2005). Factors considered include the frequency of the conduct, its severity, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the employee's work performance. Williams v. Innovate Loan Servicing Corp., No. 4:13-CV-994-A, 2015 WL 1402336, at *3 (N.D. Tex. Mar. 26, 2015). The Supreme Court has "made it clear that conduct must be extreme to amount to a change in terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

As with the majority of her other claims, plaintiff fails to state facts sufficient to show that she has a plausible claim for hostile work environment. Although plaintiff recites that she

applied for and did not receive a number of promotions, she never says that she once complained until she filed her first EEOC charge in February 2015. Then, she resigned in July, apparently on the basis of an April write-up arising out of a March incident about which she has provided no information. There are simply no facts upon which the court can discern a hostile work environment.

G.   Texas Labor Code

As defendant points out, and plaintiff does not dispute, the law governing claims under the Texas Commission on Human Rights Act and Title VII is identical. Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 n.2 (5th Cir. 1999). The same result obtains.

H.   Declaratory Relief

Where a party seeks declaratory relief and a substantially similar alternative remedy, the court may exercise its discretion to dismiss the declaratory judgment claim. Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991). Here, any ruling in plaintiff's favor would have achieved the goal she allegedly seeks. Accordingly, the court declines to entertain the declaratory judgment claim. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

V.

Order

For the reasons discussed herein,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiff's claims be, and are hereby, dismissed.

SIGNED June 9, 2017.

_____
JOHN McBRYDE
United States District Judge